IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20 C 4504 |
| ) | |
| DAVE GUALANDRI and ) | |
| CITY OF OTTAWA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Pamela Wright alleges that defendant Dave Gualandri, an Ottawa police officer, fabricated confessions to crimes of official misconduct and theft on the part of Wright and Tori Artman, a co-worker at the LaSalle County Auditor's Office. Wright was charged with a crime, turned herself in, and later was released on bond; the same happened to Artman. Wright also was terminated from her job at the Auditor's Office. Artman was found not guilty by a jury. After this, the prosecutor dismissed the charges against Wright, and she was eventually reinstated to her position at the Auditor's Office.

Wright has asserted claims against Gualandri under 42 U.S.C. § 1983 and state law. These include a Fourth Amendment claim for false charging and arrest (Count 1); a Fourth Amendment claim for unlawful pretrial detention, including bond-related restrictions on her liberty (Count 2); state-law claims for malicious prosecution and willful and wanton conduct (Counts 3 and 4); and a claim against Ottawa under 745 ILCS 10/9-102 for indemnification of any damages awarded against Gualandri (Count

5).

The defendants have moved to dismiss all of Wright's claims under Federal Rule of Civil Procedure 12(b)(6). The Court rules on the defendants' motion as set out below.

Count 1: On Count 1, the Court overrules defendants' contention that there is an insufficient allegation of Gualandri's involvement in detaining Wright. He may not have booked her or put her in handcuffs himself, but the complaint sufficiently alleges that he proximately caused her arrest by fabricating a confession that was used as the basis of the charges on which she was arrested.

Defendants also argue that there is no such thing (in this Circuit) as a claim for wrongful prosecution without probable cause, but Wright says in response that she is asserting no such claim, so the point is moot.

Finally, with respect to Count 1, defendants argue that a claim involving fabricated evidence used to arrest an individual without probable cause is not cognizable under the Fourth Amendment. *See* Defs.' Mem. at 5. This argument, however, is based on now-overruled case law that predated the Supreme Court's decision in *Manuel v. City of Joliet*, 137 S. Ct. 911, 920 (2017). It is now clear in this circuit, under *Manuel* and *Mitchell v. City of Elgin*, 912 F.3d 1012 (7th Cir. 2019), that pretrial detention without probable cause is actionable under section 1983 as a violation of the Fourth Amendment. *Mitchell*, 912 F.3d at 1013.

Count 2: On Count 2, defendants argue that the restrictions on Wright's liberty posed by her bond conditions do not amount to a Fourth Amendment seizure. However, Wright was held in custody until she posted bond, and that was unquestionably a seizure sufficient by itself to preclude dismissal of her Fourth

2

Amendment claim. Wright also contends that the restriction of her liberty posed by her bond conditions also amounts to detention. The Seventh Circuit has suggested, though it has not held, that "pretrial release might be construed as a 'seizure' for Fourth Amendment purposes if the conditions of that release impose significant restrictions on liberty." *Id.* at 1016. The court has also said that it is not clear what sorts of bond conditions might be restrictive enough to bring the Fourth Amendment into play. *Id.* at 1017. In this case, it is not entirely clear what restrictions accompanied Wright's release on bond. Defendants have attached to their motion what purports to be her bond. *See* Mot. to Dismiss, Ex. B. It lists what might be called relatively standard conditions of release: appear in court as ordered; stay within Illinois absent court permission; do not violate any criminal law; give written notice of any change of address; post $1,000 as security. If this is all there was, *Mitchell* suggests it may not be enough to amount to a Fourth Amendment seizure. *See Mitchell*, 912 F.3d at 1017. But at this stage of the case, the Court is not in a position to know whether these are the only conditions imposed, or how severely the bond conditions may have impacted Wright. Under the circumstances, as the Seventh Circuit concluded in *Mitchell*, dismissal of Wright's detention claim is inappropriate at this stage of the case. *See id.*

      Gualandri argues that he is entitled to qualified immunity. This is a rather muddled argument that appears to turn on his contention that, as a matter of law, there was no Fourth Amendment seizure. *See* Defs.' Mem. at 8-9. As the Court has concluded, there *was* a seizure (Wright's arrest), even if it was brief, and the Court cannot determine without further factual development whether the bond conditions likewise amounted to a Fourth Amendment seizure. So Gualandri's argument on this

basis lacks merit at the current stage of the case. If Gualandri is contending that the record reflects at this point that he is entitled to qualified immunity because "a reasonable officer could have believed [the arrest] to be lawful, in light of clearly established law and the information the [arresting] officers possessed," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (setting out the standard for qualified immunity in the false arrest context), any such contention is wholly lacking in merit. Wright alleges that Gualandri fabricated a confession purportedly made by her even though, when he interviewed her, she had denied the accusations against her. *See* Compl. ¶¶ 21-24. No reasonable officer could believe an arrest based on a fabricated confession to be lawful. *See, e.g., Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015) ("[F]abricating evidence . . . violates a clearly established constitutional right, such that qualified immunity does not shield the manufacturers of such evidence from liability.") (citing *Fields v. Wharrie*, 740 F.3d 1107, 1114 (7th Cir. 2014)).

The Court thinks, however, that defendants have a decent point when they contend that there is no basis for two separate Fourth Amendment claims in this case. Counts 1 and 2 involve the same conduct by Gualandri and the same or overlapping injuries on Wright's part. Because Count 2 incorporates all of the allegations in Count 1, the Court will dismiss Count 1 without prejudice in favor of the more-comprehensive Count 2.

Count 3: On Count 3, Wright's malicious prosecution claim, defendants argue that Wright has not alleged a favorable termination as required to sustain a claim under Illinois law and that she has not alleged "special damages" beyond the emotional distress, loss of time, and attorney's fees for defending the charges against her.

4

The latter argument lacks merit. No allegation of so-called "special damages" is required in a malicious prosecution case when the underlying matter was a criminal prosecution, as opposed to civil litigation. *See, e.g., Walsh v. Kaluzny Brother's Inc.*, No. 13 C 3412, 2015 WL 6673835, at *5 (N.D. Ill. Oct. 30, 2015).

The Court also overrules defendants' argument regarding the favorable termination requirement. Under Illinois law, a criminal proceeding is considered to have been terminated in favor of the accused when the prosecutor has *nolle prossed* the case—which is what happened here—*unless* the abandonment of the case is for reasons not indicative of the innocence of the accused. See *Swick v. Liautaud*, 169 Ill. 2d 504, 513, 662 N.E.2d 1238, 1243 (1996). It's too early to say the latter here; based on what the complaint alleges, a reasonable inference may be drawn that the prosecutor dropped the charges because they lacked merit, which if so would *not* be a termination for reasons not indicative of Wright's innocence.

Count 4: On Count 4, as defendants correctly note, there is no such thing under Illinois law as an independent tort of willful and wanton conduct. *See Ziarko v. Soo Line R. Co.*, 161 Ill. 2d 267, 274, 641 N.E.2d 402, 406 (1994). Allegations regarding willful and wanton conduct are sometimes needed to separate actionable from inactionable conduct by Illinois public employees under the state's Tort Immunity Act, *see, e.g.*, 745 ILCS 10/2-202; *Harris v. Wainscott*, No. 18 C 2789, 2019 WL 1995270, at *3 (N.D. Ill. May 5, 2019) (Kennelly, J.) (false imprisonment claim), but first there must be a recognized tort claim. Count 4 is dismissed, with leave to amend. For this reason, the Court need not address defendants' contention that Count 4 is time-barred.

Count 5: Finally, the indemnification claim (Count 5) is not subject against

5

dismissal because the underlying claims remain intact.

## Conclusion

For the reasons stated above, the Court dismisses Count 1 as duplicative of Count 2 and also dismisses Count 4 of plaintiff's complaint for failure to state a claim. The Court otherwise denies defendants' motion to dismiss [dkt. no. 8].

Date: February 21, 2021

_____
MATTHEW F. KENNELLY
United States District Judge